IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM GREGORY COOK, #236382　　*
　　　　　　　　Plaintiff,
v.　　　　　　　　　　　　　　　*　　CIVIL ACTION NO. ELH-11-414

OFFICER LUIS A. NUNEZ　　　　　*
OFFICER THOMAS WRITH
　　　　　　　　Defendants.　　*
　　　　　　　　　　　　　　　***

## **MEMORANDUM**

Plaintiff William Gregory Cook ("Cook"), a detainee at the Baltimore Central Booking and Intake Facility ("CBIF"), filed a self-represented 42 U.S.C. § 1983 complaint against Luis Nunez and Thomas Writh, two Baltimore City police officers from the City's Northeast District, seeking compensatory and punitive damages. ECF No. 1.[1] Cook alleges that on January 26, 2011, the police officers confronted him and asked for his identification. He further claims that the officers ran a check on him and, upon their return, they shoved his head into a wall and pulled his legs out from under him, causing his head to "violently drag down the wall." ECF No. 1. Cook also asserts that both officers then began punching him in the head, causing "numerous facial abrasions and lacerations." According to Cook, he was beaten by both officers until an ambulance arrived. *Id*.

Because Cook appears indigent, plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) shall be granted. His complaint shall, however, be dismissed without prejudice. The court has construed plaintiff's complaint for damages generously,[2] deeming it filed as a civil rights action alleging the use of excessive force during the course of an arrest. Such a claim would be examined under the Fourth Amendment's objective reasonableness standard. *See Graham v. Connor*, 490 U. S.

---

[1] The complaint, dated January 31, 2011, was received for filing on February 15, 2011.

[2] *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

386, 395 (1989). This "requires balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (citation omitted). Factors to be included in making this determination include the severity of the crime, whether there is an immediate threat to the safety of the officer or others, and whether the subject is *resisting arrest* or attempting to flee. *See Graham*, 490 U.S. at 396 (emphasis added). The determination is to be made "from the perspective of a reasonable officer on the scene." *Id*.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.; see also Muhammad v. Close*, 540 U.S. 749, 750-51 (2004); *Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005).

The court duly notes Cook's current detention. The docket obtained from the Maryland Judiciary State Case shows that on January 27, 2011, Cook was charged in the District Court for Baltimore City with one count of resisting and interfering with an arrest arising out of a January 26, 2011 incident.[3] (*See* attached docket). The complainant who filed the charge was Defendant Nunez.

---

[3] The Court observes that the Maryland Judiciary State Case docket shows that on September 28, 2010, a criminal warrant was issued by the District Court for Baltimore City as to a William Gregory Cook on one count of armed robbery, robbery, second-degree assault, and theft and two counts of handgun charges. The warrant was executed on January 27, 2011, and Cook was

Plainly, the criminal charge and the instant civil rights claims are entwined. Court examination and judgment in favor of Cook with regard to his civil rights claims against Defendants Writh and Nunez would call for an analysis under *Graham* and potentially implicate the state's pending criminal charge against Cook. Under the rule of *Heck* this civil rights claims for damages may not proceed in this court at this time. For the aforementioned reasons, the court shall dismiss plaintiff's complaint, without prejudice.[4]

Date: February 24, 2011.                    /s/
                                            Ellen L. Hollander
                                            United States District Judge

---

committed on January 28, 2011. *See State v. Cook,* Case Number 2B02081165.

[4] Dismissal of the complaint without prejudice allows Cook to re-file his claim upon disposition of his pending resisting/interfering with arrest charge.